IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv68
3:05cr16

| | |
|---|---|
| MICHAEL VASHAWN DRAYTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed February 20, 2008; Government's Motion for Summary Judgment (Doc. No. 8), filed October 6, 2008; and Petitioner's Response to Government's Motion (Doc. No. 11), filed November 12, 2008.

### PROCEDURAL HISTORY

On January 27, 2005, Petitioner was named in an eleven-count Bill of Indictment. (Case No. 3:05cr16, Doc. No. 5). The Indictment charged Petitioner with four bank robberies and related gun offenses in violation of 18 U.S.C. §§ 2113(a), 2113(b), 2113(d), 924(c), and 922(g). Counts One, Three, Five, and Seven charged Petitioner with bank robbery in violation of 18 U.S.C. § 2113(a). Counts Two, Four, Six, and Eight charged Petitioner with bank larceny in violation of 18 U.S.C. § 2113(b). Count Nine charged Petitioner with armed bank robbery in violation of 18 U.S.C. § 2113(d). Count Ten charged Petitioner with violating 18 U.S.C. § 924(c) by knowingly using and carrying a firearm, during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence. Count Eleven charged

Petitioner with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On March 31, 2005, the parties filed a revised plea agreement with the Court. (Id., Doc. No. 10). On April 1, 2005, when the case was called for plea, Petitioner informed the Court that he did not wish to proceed with his guilty plea. (Id., Doc. No. 11 at 1). At that time, the Court allowed Petitioner's counsel to withdraw and new counsel was appointed. (Id.). Thereafter, on August 9, 2005, Petitioner entered a straight-up guilty plea to all counts of the Indictment at his Rule 11 hearing. (Id., Doc. Nos. 15 at 5 and 29 at 19). On January 3, 2006, this Court sentenced Petitioner to 188 months imprisonment, running concurrently, as to Counts One, Three, Five, and Nine of the bank robbery charges as well as the § 922(g) charge. It also sentenced Petitioner to 84 months as to the § 924(c)(1) offense, to be served consecutively with the other counts, for a total of 272 months imprisonment.[1] This Judgment was filed on January 11, 2006. (Id., Doc. No. 19 at 1-2).

On January 20, 2006, Petitioner filed a timely Notice of Appeal. (Id., Doc. No. 22 at 1). Petitioner's appellate counsel filed an Anders[2] brief certifying that there were no meritorious grounds for appeal, but questioning whether Petitioner's conviction was based upon evidence (his confession) obtained in violation of due process, whether Petitioner's guilty plea was knowing and voluntary, and whether Petitioner's sentence was so severe that it violated 18 U.S.C. § 3553. United States v. Drayton, 2006 WL 2426879 (4th Cir.) (Appellate Brief). The

---

[1] The Court initially sentenced Petitioner to 120 months imprisonment for each of the bank larceny charges (contained in counts two, four, six, and eight), but subsequently dismissed those counts as lesser included offenses of the bank robbery charges (contained in counts one, three, five, and seven) and struck the portion of the sentence related to those charges. (Case No. 3:05cr16, Doc. No. 30 at 19-20.)

[2] Anders v. California, 386 U.S. 738 (1967).

government did not file a reply brief, and – despite being informed of his right to do so – Petitioner did not file a pro se supplemental brief. United States v. Drayton, 212 Fed. App'x 248 (4th Cir. Jan. 10, 2007) (unpublished). On January 10, 2007, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence and conviction by unpublished opinion. Id. at 249. In affirming this Court's judgment, the Fourth Circuit held that Petitioner waived his right to challenge his confession upon entering a guilty plea, that the guilty plea was knowing and voluntary, and that Petitioner's 272 month sentence was "the lowest appropriate guideline sentence he could have received." Id. at 250.

On February 19, 2008, Petitioner timely filed the instant Motion to Vacate. (Doc. No. 1). Petitioner's motion alleges numerous claims of ineffective assistance of counsel. (Id. at 7-8). It also alleges that this Court erred in failing to order a competency evaluation and in accepting a guilty plea to the armed bank robbery and gun charges where at sentencing, Petitioner explicitly denied having known of or displayed the firearm at the time of the robbery. (Id. at 11, 13-14).

## ANALYSIS

### I. STANDARD OF REVIEW

#### A. 2255 Proceedings

Sentencing courts must promptly examine motions to vacate. See Rules Governing § 2255 Proceedings, Rule 4, 28 U.S.C.A. foll. § 2255. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion..." Id. If the motion is not dismissed, the district court must direct the government to respond or order other action. Id. Accordingly, this Court has reviewed Petitioner's Motion to Vacate and the record evidence, and as hereinafter explained, such review establishes that Petitioner is not entitled to habeas relief on any of his claims.

**B.    Ineffective Assistance of Counsel**

Petitioner's ineffective assistance of counsel claims are governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective in that it fell below an objective standard of reasonableness, and that petitioner was prejudiced thereby; that is, there is a reasonable probability that but for the error, the outcome would have been different. See id; see also United States v. Mayfield, 320 Fed. App'x 190, 191 (4th Cir. 2009). In determining whether counsel's conduct was defective, there is a strong presumption that it fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

A petitioner who alleges ineffective assistance of counsel in connection with the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). In order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

**II.    CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL**

**A.    Failure to Request a Competency Hearing**

Petitioner's first of many grounds for claiming ineffective assistance of counsel is that his counsel failed to request a competency hearing on his behalf. (Doc. No. 1-1 at 7-11). Petitioner argues that the evidence in his presentence report regarding his history of traumatic abuse and the Court's implicit recognition of his need for treatment support his claim that counsel should

have requested a competency hearing. (Id.).

A district court must determine if "[the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and whether he has a rational as well as factual understanding of the proceedings against him." U.S. v. Fair, 246 Fed. Appx. 238, 239 (4th Cir. 2007) (citing Dusky v. United States, 362 U.S. 402, 402 (1960). At any time after the commencement of prosecution and prior to sentencing, a district court must hold a hearing to determine a defendant's competency "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The competency standard for pleading guilty is identical to, not higher than, that for standing trial. Godinez v. Moran, 509 U.S. 389, 391 (1993).

The presentence report does not support the conclusion that Petitioner was incompetent to enter a guilty plea. The report reflects that while Petitioner was living with his aunt (where he resided from the age of five to fifteen), an older male cousin sexually assaulted him over a period of four years. (Case No. 3:05cr16, Doc. No. 33 ¶ 84). Petitioner informed Probation that he struggled for many years with the emotional trauma from the assaults but never received therapy for the abuse. (Id.). Petitioner also stated that other than the trauma associated with the sexual abuse, he had no history of mental or emotional problems, and the investigation revealed no information to the contrary. (Id. at ¶ 88).

This information does not demonstrate that Petitioner was incompetent to enter a guilty plea because it does not establish reasonable cause to believe that Petitioner is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that

he is unable to understand the nature and consequences of the proceedings against him," See 18 U.S.C. § 4241(a). Such information, without more, is thus insufficient to necessitate a competency hearing, and so it was reasonable for Petitioner's counsel to proceed without requesting one. In support of this conclusion, Petitioner's counsel swears that he never had any indication that Petitioner did not fully understand the charges against him or any part of the proceedings. (Doc. No. 8-1 ¶ 3). Counsel also swears that he was aware of the sexual assaults Petitioner suffered as a child, but that it had no bearing on the issue of whether Petitioner "knew the difference between right and wrong or diminished his mental facilities to the extent he could not enter a plea knowingly, intelligently, or voluntarily." (Doc. No. 8-1 ¶ 4). In fact, Petitioner himself admitted at the sentencing hearing that he knew what he did was wrong, stating, "I'm not making excuses for what I did, but it's very wrong. I know it's wrong and I apologize to everybody in the courtroom for what I did." (Case No. 3:05cr15, Doc. No. 30 at 10).

The other part of Petitioner's argument here is that the Court recognized his need for mental health treatment when it ordered that Petitioner "submit to a mental health evaluation treatment program" as part of his supervised release from prison. (Id. at 16). However, this Court's order was actually prompted by the government's request that Petitioner receive counseling, in an effort to assist his reintegration into society, which had admittedly been difficult following his most recent prior incarceration. (Id. at 5-7, 13). This Court never expressed a concern that Petitioner was incompetent to proceed, and nothing in Petitioner's behavior at his plea and sentencing hearings suggested that he was incompetent to enter a guilty plea. See (Doc. Nos. 29 & 30).

In short, the sexual abuse Petitioner suffered as a child does not in and of itself equate with an inability to understand the nature and consequences of the proceedings against him or to

6

assist properly in his defense. Because there was not reasonable cause to believe that he was incompetent to enter a guilty plea, Petitioner has not established that his counsel's performance was deficient, and this claim is denied.

### B. Failure to Demand a Jury Trial on Counts Nine, Ten, and Eleven

Next, Petitioner asserts that his counsel was ineffective for failing to demand a jury trial on Counts Nine, Ten, and Eleven of the Indictment. Petitioner argues that his counsel insisted that he plead guilty to all counts, even where Petitioner adamantly professed his innocence,[3] and that his counsel advised him to not be completely honest with the Court regarding these counts, or else the Court would not accept his guilty plea on any count. (Doc. No. 1-1 at 14-15).

A review of the record does not establish a genuine issue of material fact regarding Petitioner's present assertions. Petitioner's counsel has submitted an affidavit setting forth unequivocally that he "did not advise [Petitioner] that he could not be completely honest with the court as to his guilt on counts 9, 10, and 11 of the indictment, nor did [he] insist that [Petitioner] plead guilty in any part of the indictment." (Doc. No. 8-1 ¶ 6.) Counsel states that he advised Petitioner to plead guilty based upon the overwhelming evidence against him, including his admission of guilt, which made it "an exercise in futility to go to trial." (Id. at ¶ 5). In addition, Petitioner made sworn declarations that demonstrate the validity of his guilty plea, which carry a

---

[3] The record does not bear out Petitioner's claim that he consistently professed his innocence. At his sentencing hearing, Petitioner admitted that he possessed a gun during one of the bank robberies (although he claimed not to have known the gun was in his bag). (Case No. 3:05cr16, Doc. No. 30 at 7, 13.) Petitioner also confessed to the police after his arrest that he had possessed a gun during the fourth bank robbery. (Id., Doc. No. 33 at ¶ 9); see also (Id., Doc. No. 1 at ¶ 6).

strong presumption of truthfulness that Petitioner has not overcome.[4]  At his plea hearing, Petitioner stated under oath that he understood that he must give truthful answers, and that if he did not, he could be prosecuted for perjury.  (Case No. 3:05cr16, Doc. No. 29 at 2.)  After the Court set forth each count with its elements, Petitioner indicated that he understood that those were the eleven charges to which he was pleading guilty and understood the potential penalties he faced.  (Id., Doc. No. 29 at 12).  Petitioner also acknowledged that he was aware of his right to a jury trial and understood that by entering a guilty plea, he was waiving that right.  (Id. at 14).  Then, Petitioner unequivocally indicated that he wished to plead guilty to all eleven charges.  (Id. at 15).  Finally, Petitioner swore that no one had threatened, intimidated or forced him to plead guilty, and stated that he was happy with the services of his counsel.  (Id. at 20-21).  Likewise, at his sentencing hearing, Petitioner reaffirmed the truth of his answers under oath at his plea hearing.  (Id., Doc. No. 30 at 2-3).  He also indicated that if asked those same questions again, his responses would be the same.  (Id. at 3).

The contemporaneous record simply does not support a conclusion that Petitioner was told to be less than truthful, and so there is no defective performance.  Even if there were a genuine issue of material fact as to whether Petitioner's counsel told him not to be fully truthful, the Court notes that Petitioner has presented no evidence to support a conclusion that the government would have accepted a plea only as to counts one through eight.  Thus, Petitioner

---

[4] In reaching its decision, this Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing.  See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (declaring that representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding); see also United States v. DeFusco, 949 F.2d 114,119 (4th Cir. 1991) (holding that statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea).

also cannot establish that he was prejudiced, and this claim is dismissed.

### C. Failure to Investigate Federally Insured Status of Institutions that were Robbed

Petitioner alleges that his trial counsel was ineffective in allowing him to plead guilty without investigating the allegations in the Indictment that the deposits of the four institutions that were robbed were in fact federally insured– the basis of the government's jurisdiction to pursue this case. Petitioner asserts that his rights were violated because "a simple inquiry into the banks insured status... might have revealed that the Government did not have jurisdiction to pursue this case." (Doc. No. 1-1 at 24).

At a minimum, Petitioner has not established that he was prejudiced. He presents no evidence whatsoever that these institutions were not federally insured; in fact, he pled guilty to each of the elements of the bank robbery offenses, and this plea encompassed the federally insured status of the financial institutions he robbed. See United States v. Bundy, 392 F.3d 641, 644-45 (4th Cir. 2004) (holding that a guilty plea and the subsequent conviction "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence") (quoting United States v. Broce, 488 U.S. 563, 569 (1989)). Mere speculation, like the petitioner's suggestion that the banks might not have been federally insured, is insufficient to support a habeas claim. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (stating that "a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing"). This claim is thus dismissed.

### D. Failure to Challenge Count Ten

Petitioner's next ground for alleging ineffective assistance is that his trial counsel did not

object to Count Ten of the Indictment as failing to charge a codified federal crime. (Doc. No. 1-1 at 25). Petitioner argues that this count was duplicitous because it included two separate offenses in a single count: 1) using and carrying a firearm during and in relation to a crime of violence and 2) possession of a firearm in furtherance of a crime of violence. See (Case No. 3:05cr16, Doc. No. 5 at 4). As a result, Petitioner contends, this count was defective.

Although § 924(c)(1) describes two separate offenses in the disjunctive, rules of federal pleading require the government to charge in the conjunctive in such instances. See United States v. Montgomery, 262 F.3d 233, 242 (4th Cir. 2001). The Fourth Circuit has long recognized, however, that a conjunctive indictment allows for disjunctive consideration of guilt, and that "proof of either prong charged in a conjunctive indictment will support a guilty verdict." United States v. Teagne, 1999 WL 308620, *2 (4th Cir. 1999) (unpublished). An indictment that charges a defendant with both using/carrying and possessing a firearm under 924(c) is therefore not defective and does not require the government to prove both use and possession. See id. Consequently, Petitioner cannot establish ineffective assistance of counsel because his counsel was not unreasonable in failing to object to Count Ten, so this claim fails.

      **E.**    **Failure to Object on Double Jeopardy Grounds**

Petitioner further alleges that his counsel was ineffective for failing to object to "impermissible double counting" during the sentencing hearing based on his punishment for armed bank robbery under § 2113(d) in Count Nine in addition to a firearm violation under § 924(c) in Count Ten. See (Doc. No. 1-1 at 29, 31). He contends that the exact same evidence would be used to establish both violations, so he is being punished twice for the same conduct.

The presentence report clearly states, however, that Petitioner did not receive the five-level enhancement provided for under the Guidelines, in connection with the armed bank

robbery count, specifically because he had also pled guilty to the § 924(c) firearm offense. (Case No. 3:05cr16, Doc. No. 33 at ¶ 38). Regardless, Congress amended § 924(c) in 1984 to expressly permit punishment under the section for use of a dangerous weapon in addition to any punishment imposed for the crime of violence with the use of a deadly weapon. Accordingly, in United States v. Shavers, 820 F.2d 1375, 1377-78 (4th Cir.1987), this Circuit expressly rejected the defendant's double jeopardy claims and affirmed his sentences for violations of 18 U.S.C. §§ 2113(d) and 924(c). Indeed, the Shavers court stated that based upon the 1984 amendment to § 924(c), it is apparent that "Congress intended the imposition of cumulative punishment for violation of armed bank robbery, § 2113(d), and use of a dangerous weapon, § 924(c)." Id. at 1378; see also United States v. Lawson, 64 Fed. App'x 380, 381 (4th Cir. 2003) (applying Shavers to reject double jeopardy claim attacking separate sentences for violations of 18 U.S.C. §§ 2113(d) and 924(c)). Counsel's failure to challenge these charges on double jeopardy grounds was not defective, and Petitioner suffered no prejudice, so this claim is dismissed.

  **F. Failure to Advise to Plead to Lesser Counts**

Petitioner alleges that his counsel was ineffective for failing to instruct him to plead guilty to only the lesser included offenses and to proceed to trial on the remaining counts. (Doc. No. 1-1 at 30). He argues that the evidence clearly pointed to a crime of bank larceny, not bank robbery or armed bank robbery. In response, Petitioner's counsel emphatically denies having insisted that Petitioner plead guilty to all of the offenses in the indictment. (Doc. No. 8-1 ¶ 6).

This Court again notes that a defendant has no right to a plea bargain, nor is there a right to have an agreed upon plea bargain accepted by the court. See, e.g., Weatherford v. Bursey, 429 U.S. 545, 561 (1977); Lynch v. Overholser, 369 U.S. 705, 719 (1962); Rule 11, Fed.R.Crim.P. Petitioner presents no evidence that the government would have agreed to a plea

bargain that only addressed the lesser included offenses, or that the court would have accepted it.[5] In fact, because a plea to the lesser counts would not have diminished the government's preparation for trial (as the government would still have had to prosecute each bank incident), the record reveals no incentive for the government to offer the type of plea agreement now desired by Petitioner. Moreover, the evidence strongly supports the conclusion that the government would not have made such an offer. First, the record reveals that the government had at least one eyewitness from the fourth bank robbery who would have testified that Petitioner had a gun and displayed it to at least one person. (Case No. 3:05cr16, Doc. No. 30 at 12.) Second, the presentence report sets forth that "eyewitnesses saw the suspect holding a gun in one hand and the bag of money in the other. According to one eyewitness...as the suspect was leaving the bank, he looked at [the eyewitness] and said, 'Don't even think about it.'" (Id., Doc. No. 33 at ¶ 8.) The report also discusses Petitioner's confession regarding the four bank robberies, including an admission that he possessed a gun during the last robbery and that he had gotten the gun from a friend but did not intend to use it. (Id. at ¶ 9.)

Petitioner has not established that his counsel's performance fell below an objective standard of reasonableness because he has not shown that a plea to only the lesser included offenses was even a possibility, let alone that there was a reasonably probability that "but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." See Hooper v. Garraghty, 845 F.2d at 475. Because Petitioner's claim survives neither the

---

[5] As set forth in the procedural history, the government offered, and Petitioner signed, a revised plea agreement before he indicated his intent not to proceed with the plea deal. The revised plea agreement did not permit Petitioner to retain his appellate rights. Nor did the plea agreement allow Petitioner to plead guilty to just bank larceny. (Case No. 3:05cr16, Doc. No. 10).

performance nor the prejudice prongs of Strickland, it is dismissed.

G.     **Failure to Require the Government to Prove Interstate Commerce**

Additionally, Petitioner alleges that his counsel was ineffective for failing to require the government to show proof that his alleged possession of the handgun affected interstate commerce. Like Petitioner's claim that his counsel was ineffective not investigating the federally insured status of the banks, this claim also fails for lack of proof. Petitioner presents no evidence whatsoever that the guns at issue did not travel in interstate commerce. As previously discussed, mere speculation is insufficient to support a habeas claim. See Nickerson, 971 F.2d at 1136. Petitioner has not established that his counsel's performance was deficient or that he was prejudiced, so this claim is dismissed.

H.     **Failure to Request Downward Departure at Sentencing for Acceptance of Responsibility**

Petitioner alleges that his counsel was ineffective for failing to request that Petitioner receive a downward departure for acceptance of responsibility. In reality, the presentence report included a three level reduction based upon acceptance of responsibility, (Case No. 3:05cr16, Doc. No. 33 at ¶ 61), which was adopted by the Court at sentencing. (Id. Doc. No. 30 at 5). Petitioner's claim is thus meritless and is dismissed.

I.     **Failure to Investigate the Court's Jurisdiction**

Petitioner further alleges that his counsel was ineffective for failing to challenge the Court's subject matter jurisdiction over him, arguing that this Court's actions constituted a "manipulation of the proceedings and a violation of the separation of powers doctrine." (Doc. No. 1 at  39). It is well-settled, however, that in cases where federal law creates the cause of action, the federal courts unquestionably have federal question jurisdiction. See Mulcahey v.

13

Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994) (citing Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 809 (1986)). Furthermore, "the district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against laws of the United States." 18 U.S.C.A. § 3231. Because Petitioner was prosecuted pursuant to federal statutes 21 U.S.C. § 2113(a) and (d), 18 U.S.C. § 924(c), and 18 U.S.C. § 922(g), this Court has jurisdiction over him. As such, there was no basis for Petitioner's counsel to challenge the Court's jurisdiction, so there was no defect in Counsel's performance and no prejudice. This claim is dismissed.

      **J.**      **Recommendation to Forego Plea Agreement**

Petitioner's last claim against his counsel for ineffective assistance alleges that his counsel was defective in advising him to plead guilty, in order to retain the right to appeal, instead of accepting a plea agreement. (Doc. No. 1-1 at 4). Petitioner notes that the fact that his appellate counsel filed an Anders brief underscores the ineffectiveness of such advice. In response, Petitioner's counsel admits in his affidavit that he advised Petitioner to plead guilty, without the benefit of a plea agreement, so that Petitioner could retain his appellate rights in the event any appealable issues arose. (Doc. No. 8-1 at ¶ 5). Counsel also states that unfortunately, when the time came for an appeal, there did not appear to be any meritorious issues for appeal.

The advice of Petitioner's counsel to forego a plea agreement in order to preserve the right to appeal was a valid strategic choice. See United States v. Roane, 378 F.3d 382, 404-05 (4th Cir.2004) (stating that there is a strong presumption under the deficient performance prong of Strickland that a trial counsel's strategy and tactics fall within the wide range of reasonable professional assistance). The fact that no meritorious appellate issues ultimately arose in this case does not render counsel's advice ineffective. See Kimmelman v. Morrison, 477 U.S. 365,

381 (1986) (explaining that the reasonableness of a lawyer's trial performance must be "evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of reasonableness is highly deferential").[6] Because Counsel's performance was not defective, this claim fails.

There was no evidence that the government was willing to enter into a plea agreement with the defendant that was more beneficial than his "straight up" plea. Both approaches put defendant in a situation where he would get a guideline reduction for acceptance of responsibility. See U.S.S.G. 3E1.1. Indeed, defendants typically forego many rights pursuant to a plea agreement, such as the right to appeal, that they maintain by pleading straight up. And even where appellate issues are ultimately raised in an Anders brief, they sometimes prevail on appeal. Counsel's decision to encourage defendant to plead straight up instead of signing a plea agreement in advance of the sentencing hearing is not without more constitutionally deficient.

### III. CLAIMS OF COURT ERROR

In addition to his ineffective assistance of counsel claims, Petitioner also alleges that this Court committed two errors: 1) failing to order a competency evaluation, especially in light of the abuse he suffered as a child as noted in the presentence report, and 2) accepting his guilty plea to the armed bank robbery and gun charges where at sentencing, Petitioner explicitly denied having known of or displayed the firearm at the time of the robbery.

These claims are procedurally defaulted because they could have been, but were not, raised on direct review. See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (holding that

---

[6] In a related claim, Petitioner also alleges that his counsel was ineffective for failing to raise the claims he has raised in this Motion to Vacate. As set forth in this Order, Petitioner has not demonstrated that his claims have merit, and so he cannot prove deficient performance or prejudice under Strickland.

the circumstances under which a guilty plea may be attacked on collateral review are strictly limited to challenges that were made on direct appeal, unless an exception applies). A review of the record reveals that the Anders brief submitted by Petitioner's appellate counsel did not raise these two issues, and Petitioner did not raise these issues in a supplemental brief but declined to file one. Thus, in order to still pursue this collateral attack, the petitioner must show cause and actual prejudice resulting from the errors complained of, or that a miscarriage of justice[7] would result from a refusal to entertain a collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). Although ineffective assistance of counsel may constitute cause for default, Petitioner's counsel was not ineffective for failing to raise these two issues, as previously discussed in this Order. See Wright v. Angelone, 151 F.3d 151, 160 & n.5 (4th Cir. 1998). Consequently, Petitioner cannot establish cause for his procedural default and these claims are dismissed.

Even if Petitioner's claim were not procedurally defaulted, Petitioner specifically acknowledged during the Rule 11 colloquy and sentencing hearing his understanding of the offenses to which he was pleading guilty and that he was, in fact, guilty of each of these offenses (as discussed above). Petitioner also stipulated to the factual basis as set forth in the Offense Conduct section of the presentence report, and this conduct satisfied the elements of

---

[7] A miscarriage of justice means actual innocence. See Murray v. Carrier, 477 U.S. 478, 493-97 (1986). To establish actual innocence, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him" if jurors had received specific, reliable evidence not presented at trial. Bousley, 523 U.S. at 623, citing Schlup v. Delo, 513 U.S. 298, 327 (1995). Here, Petitioner merely contends that he was innocent of the gun charges but does not reference the existence of any new evidence. Moreover, as previously discussed, the contemporaneous record does not support the conclusion that Petitioner did not possess a gun or that he did not take it out during the robbery. See (Case No. 3:05cr16, Doc. No. 33 ¶¶ 8-9.)

16

armed robbery and each of the firearm offenses. Although it is true that Petitioner, in asking for mercy, stated to the Court during his allocution that he did not know that the firearm was in his bag during the fourth robbery, he never requested to withdraw his guilty plea and thus cannot escape the legal consequences of his sworn statements.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Respondent's Motion for Summary Judgment (Doc. No. 8) is **GRANTED**;

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**; and

3. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: September 30, 2010

_Robert J. Conrad_
Robert J. Conrad, Jr.
Chief United States District Judge